STATE, EX REL. McELROY, ATTORNEY GENERAL, PLAINTIFF, *v.* CLEVELAND ELECTRIC ILLUMINATING CO., DEFENDANT.

Common Pleas Court, Cuyahoga County.

No. 745384.   Decided March 23, 1961.

*Mr. Mark McElroy*, attorney general, and *Mr. Herbert T. Maher*, assistant attorney general, for plaintiff.

*Messrs. Squire, Sanders & Dempsey*, for defendant.

*Messrs. Metzenbaum, Gaines, Schwartz, Krupansky & Stern*, Amicus Curiae.

WASSERMAN, J.   This is an action brought by the State of Ohio in which the State seeks to enforce compliance with an order of the Public Utilities Commission.  The action is brought pursuant to Section 4905.60, Revised Code.  This section reads as follows:

"Section 4905.60, Revised Code.  Mandamus and injunction. (Section 614-67, General Code.)

"Whenever the public utilities commission is of the opinion that any public utility or railroad has failed or is about to fail to obey any order made with respect to it, or is permitting anything or about to permit anything contrary to or in violation of law, or of an order of the commission, authorized under Chapters 4901., 4903., 4905., 4907., 4909., 4921., 4923., and 4925., Revised Code, the attorney general, upon the request of the commission, shall commence and prosecute such action, or proceeding in mandamus, by injunction, or by other appropriate civil remedies in the name of the state, as is directed by the commission against such public utility or railroad, alleging the violation complained of and praying for proper relief.  In such

a case the court may make such order as is proper in the premises.''

The State also seeks a forfeiture levied for failure to comply with the Commission's order pursuant to Section 4905.54, Revised Code, and to recover the forfeiture under Section 4905.-57, Revised Code. These sections are set out as follows:

"Section 4905.54, Revised Code. Compliance with orders. (Section 614-64, General Code.)

"Every public utility or railroad and every officer of a public utility or railroad, shall comply with every order, direction, and requirement of the public utilities commission, made under authority of Chapters 4901., 4903., 4905., 4907., 4909., 4921., 4923., and 4925., Revised Code, so long as they remain in force. Any public utility or railroad which violates any provision of such chapters, or which after due notice fails, to comply with any order, direction, or requirement of the commission which was officially promulgated shall forfeit to the state not more than one thousand dollars for each such failure. Each day's continuance of such violation is a separate offense.''

"Section 4905.57, Revised Code. Actions to recover forfeitures. (Section 614-66, General Code.)

"Actions to recover forfeitures provided for in Chapters 4901., 4903., 4905., 4907., 4909., 4921., 4923., and 4925., Revised Code, shall be prosecuted in the name of the state and may be brought in the court of common pleas of any county in which the public utility or railroad is located. Such actions shall be commenced and prosecuted by the attorney general, when he is directed to do so by the public utilities commission. Moneys recovered by such actions shall be deposited in the state treasury to the credit of the general revenue fund.''

The State alleges that the defendant filed application with the Commission which is styled as follows:

"In the Matter of the Application of The Cleveland Electric Illuminating Company for an Order Fixing the Time of Taking Effect of New Regulations Submitted for Filing.''

The State characterizes this application as ''. . . seeking to effectuate new regulations pertaining to its public utilities service and binding upon its customers who would be affected by the new regulations.''

It is alleged that the application was assigned a number on the Commission's docket and was set for public hearing. The State alleges the Shopping Center Association of Northern Ohio entered an appearance by counsel at the hearing and made a motion that it be permitted to take the deposition of one F. Warren Brooks, an officer of the defendant corporation. The Commission granted the motion of the protestant. It is further alleged that the witness failed and refused to appear and testify, and that such refusal constituted a violation of an order of the Commission. The order of the Commission remains in effect.

The defendant by answer admits the factual allegations contained in the State's petition and pleads facts which it contends show that the Public Utilities Commission had no jurisdiction to enter the order directing the taking of depositions; and, consequently, the order of the Commission is void and need not be complied with.

The State of Ohio demurred to eight portions of the answer filed by the defendant, C. E. I. The State contends that these portions of the answer are insufficient in law in that they plead facts which are solely for the determination of the Commission in the first instance and determinable on appeal only by the Supreme Court of Ohio pursuant to Section 4903.13, Revised Code. This section is set out as follows:

"Section 4903.13, Revised Code. Reversal of final order; notice of appeal. (Sections 544, 545, General Code.)

"A final order made by the public utilities commission shall be reversed, vacated, or modified by the supreme court on appeal, if, upon consideration of the record, such court is of the opinion that such order was unlawful or unreasonable.

"The proceeding to obtain such reversal, vacation, or modification shall be by notice of appeal, filed with the public utilities commission by any party to the proceeding before it, against the commission, setting forth the order appealed from and the errors complained of. The notice of appeal shall be served, unless waived, upon the chairman of the commission or, in the event of his absence, upon any public utilities commissioner, or by leaving a copy at the office of the commission at Columbus. The court may permit any interested party to intervene by cross-appeal."

The State also relies upon the provisions of Section 4903.12, Revised Code, in urging that this Court is limited in its jurisdiction in this matter. This section reads as follows:

"Section 4903.12, Revised Code. Jurisdiction. (Section 549, General Code.)

"No court other than the supreme court shall have power to review, suspend, or delay any order made by the public utilities commission, or enjoin, restrain, or interfere with the commission or any public utilities commissioner in the performance of official duties. A writ of mandamus shall not be issued against the commission or any commissioner by any court other than the supreme court."

The parties to this action, by counsel, entered into a stipulation whereby both parties agreed that the case may be determined upon the pleadings and/or proof as submitted; both parties agreed further that the facts which have been plead are true facts and that each waives his right to file further pleadings in the matter. During the period when the demurrer was pending, the parties appeared by counsel and submitted proof to support their allegations and the legal issues were argued at length.

The first question presented is whether those portions of defendant's answer to which plaintiff has demurred constitute a defense in law. It is this Court's opinion that the facts plead relating to the invalidity of the Commission's order are reviewable only by the Supreme Court of Ohio pursuant to Section 4903.13, Revised Code. In addition, it is this Court's opinion that had the defendant brought an action in this Court to enjoin the Public Utilities Commission from enforcement of this order, Section 4903.12, Revised Code, by its plain language would prohibit the maintenance of such an action. The fact that the defendant, C. E. I., has sought to test the validity of the Commission's order by resisting the order does not change the meaning of this statute. Questions may not be raised by answer that could not have been determined in the first instance had the defendant sought affirmative court relief from this order.

(*The demurrer to the answer is sustained.*) Since the parties have stipulated that they do not wish to plead further,

*the case is before the Court on plaintiff's petition and what is left of defendant's answer.* Defendant's answer, at this point, is in essence an admission of the facts plead by the plaintiff. The only question left for the Court to determine is whether the plaintiff has stated a cause of action upon which this Court may grant relief. The legal question presented in this instance is the same question presented in determining the demurrer. What jurisdiction does this Court have? What is the effect of Sections 4903.12 and .13, Revised Code, which bar this Court from reviewing, suspending or delaying any order of the Public Utilities Commission or from enjoining, restraining or interfering with the Commission or Commissioners in the performance of their official duties?

The Public Utilities Commission of Ohio is a creature of statute. As such, its jurisdiction is specifically set forth by law. Under this establishment, any act of the Commission may be tested by determining the jurisdiction of the Commission. Thus, in the absence of Sections 4903.12 and .13, Revised Code, this Court would be free to inquire into every facet of the Commission's workings to determine whether the act was within the "jurisdiction" of the Commission.

How far does this Court go in the face of Sections 4903.12 and .13, Revised Code? It is the Court's opinion that its jurisdiction is limited to the broad questions relating to the Commission's jurisdiction. In short, if the Commission is holding a hearing pursuant to statute and an order is made under the normal legal processes in said hearing, this Court is barred by Sections 4903.12 and .13, Revised Code, from inquiring into the interpretations placed upon those statutes. The sole determiner of these questions is, in the first instance, the Public Utilities Commission of Ohio and, secondly, the Supreme Court of Ohio. This Court will not decide whether the Public Utilities Commission has the power to determine the reasonableness of the proposed rule change. This Court will determine only that an application was filed pursuant to Section 4909.18, Revised Code, and will leave to the Supreme Court of Ohio the eventual determination of that issue. As things presently stand, there is a proceeding before the Public Utilities Commission of Ohio. As a part of that proceeding, an order was made requiring the

submission to the taking of a deposition. The Commission has jurisdiction pursuant to Section 4903.06, Revised Code, to order the deposition. The defendant through its agent has not complied.

Counsel for the defendant has placed heavy reliance upon the case of *State* v. *Western Union Telegraph Company*, 154 Ohio St., 511. In that case, the State sought to enjoin the defendant "from abandoning, discontinuing or substituting" certain utility service. The defendant urges that this case presents the necessary legal authority to allow this Court to inquire fully into the jurisdiction of the Commission to make an order. This case will certainly give to the Common Pleas Court some jurisdiction to inquire into the jurisdiction of the Commission. However, it is far from definitive as to the length and breadth of the inquiry. In the *Western Union Telegraph case*, there was *no* hearing pending before the Commission; and the mere "glance" at the jurisdiction of the Commission indicated that the Commission was without jurisdiction to enter the order that it made.

In the case at bar, the "glance" of the Court indicates that the base jurisdiction of the Commission to make an order was present, and the Court will look no further. The question presented is not whether this Court will question the jurisdiction of the Commission. The question presented is how far do Sections 4903.12 and .13, Revised Code, limit this Court's inquiry into the jurisdiction of the Commission? As stated previously, this Court believes that Sections 4903.12 and .13, Revised Code, will not permit this Court to interpret the fine points of commission jurisdiction. This Court finds that the State has stated a cause of action to compel compliance with its order and that it has stated a cause of action to fix the forfeiture and for collection of said forfeiture according to law.

In assessing the amount of the forfeiture under Section 4905.54, Revised Code, the days of violation are determined from the date of non-compliance to the first day of hearing before this Court.

Pursuant to Section 4905.54, Revised Code, this Court assesses the forfeiture of the defendant at Ten Dollars ($10) per day and will enter judgment in the total amount of Six

Hundred Ten Dollars ($610). A journal entry may be prepared and submitted in accordance with this opinion.